UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                    :

LENEISJE MOSSIAH, and others similarly situated,       :

                    :

             Plaintiff,       :        25-CV-04561 (JAV)

                    :

      -v-              :        MEMORADNUM

                    :       OPINION AND ORDER

MULLIGAN SECURITY LLC et al.,         :

                    :

            Defendants.   :
--------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Leneisje Mossiah initiated this action on May 30, 2025, ECF No. 1,
alleging that Defendant Mulligan Security LLC ("Mulligan") hired her as a security
guard in or about July 2022 and laid her off on November 24, 2024, without
providing appropriate notice pursuant to the federal WARN Act or NY WARN Act.
ECF No. 30 ("Sec. Amend. Compl."), ¶ 30.  Plaintiff has twice amended the
Complaint to appropriately identify Mulligan, ECF No. 7 ("Amended Compl."), and
now its acquiring company Universal Protection Service, LLC ("Universal"), Sec.
Amend. Compl. at 1.  The Case Management Plan and Scheduling Order, outlining
a fact discovery period ending in mid-March, was entered on September 19, 2025.
ECF No. 22.  Plaintiff filed her Second Amended Complaint, naming Universal, on
November 4, 2025.

On November 17, Defendant Mulligan Security LLC ("Mulligan") filed a
Motion to Compel Arbitration and Dismiss Plaintiff's Second Amended Complaint.
ECF No. 34 ("Def. Mot. to Dismiss and Compel Arbit.").  The following day,

Mulligan filed a letter motion to stay discover in light of its pending dispositive motion.  ECF No. 37 ("Def. Mot. to Stay Disc.").

For the following reasons, the Motion to Stay Discovery is DENIED.

## DISCUSSION

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Goris v. Deloitte*, No. 25 CIV. 1532 (JPC), 2025 WL 1636079, at *1 (S.D.N.Y. June 9, 2025) (citation omitted"). Further, "a stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Alvarez v. Experian Info. Solutions, Inc.*, No. 2:19-CV-03343 (JS) (JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021).  "While a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help prevent duplicative and inefficient litigation." *Marsh & McLennan Agency LLC v. Williams*, No. 22 Civ. 8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023) (citation omitted).  Indeed, although courts generally apply a three-factor test to determine whether good cause exists to stay discovery, *Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023), courts often differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss.  In cases where "a party seeks a discovery stay pending a motion to compel arbitration, courts [in this Circuit] have stayed without considering the three-factor test." *Id.* (citations omitted); *see also Intertec Contracting Turner Steiner Int'l., S.A.*,

2

98-CV-9116 (CSH) 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (noting general practice of district courts to stay discovery pending a motion to compel arbitration).

However, Plaintiff opposes Defendant's motion to stay discovery on the grounds that the formation of the arbitration agreement is genuinely in dispute and that Mulligan waived its right to arbitrate through active participation in litigation, only invoking a motion to stay when faced with a discovery dispute. ECF 38 ("Opp'n") at 1-2. Accordingly, this Court applies the traditional three-factor test evaluating motions to stay discovery: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Oestreicher*, 2023 WL 3819378, at *1. The Court does not opine on the merits of the pending Motion to Compel Arbitration.

As to factor one, Plaintiff has raised a genuine dispute as to Mulligan's right to arbitrate given its participation in active litigation. This dents Defendant's "strong showing" that Plaintiff's claim is unmeritorious. Accordingly, factor one weighs in favor of denying the stay. In contrast, factor two weighs in favor of staying discovery. Plaintiff does not dispute that requested discovery is substantial, and if discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Compel Arbitration. However, the last factor, which considers the prejudice a plaintiff may suffer, ultimately tips the balances against Mulligan's motion to stay discovery. The Court is mindful of Plaintiff's allegations that Universal's acquisition of Mulligan and

3

subsequent data system integration and transfer places at risk pertinent ESI concerning Mulligan's former employees and layoffs, threatening to compromise Plaintiff's potential to later demonstrate a "mass layoff" in furtherance of her WARN Act claim, particularly because Plaintiff's former site of employment has permanently shut down.  Opp'n at 3.

The Court, therefore, finds that discovery should continue to allow Plaintiff to secure the documents necessary to move the case forward.

## CONCLUSION

Accordingly, the Motion to Stay Discovery is DENIED.  The Clerk of Court is directed to terminate ECF No. 37.

SO ORDERED.

Dated:  December 3, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

4