UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENEISJE MOSSIAH, and others similarly situated,<br><br>                                              Plaintiff,<br><br>                   v.<br><br><br>MULLIGAN SECURITY LLC and UNIVERSAL PROTECTION SERVICE, LLC,<br>                                              Defendants. | **PROTECTIVE ORDER**<br><br>Case No. 1:25-cv-4561-JAV |

JEANNETTE A. VARGAS, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Protective Order (hereinafter, "Confidential Discovery Material") shall not disclose such

Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate Confidential only such portion of such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

   (a) previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) previously non-disclosed material relating to ownership or control of any nonpublic company;

   (c) previously non-disclosed business plans, product development information, or marketing plans;

   (d) trade secret or other confidential, research, development, or commercial information;

   (e) any information of a personal or intimate nature regarding any individual; or

   (f) any other category of information hereinafter given Confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion Confidential by: (a) stamping or otherwise clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility; and (b) if a party seeks to file any Discovery Material containing Confidential information with the Court, then within 10 business days after the filing party requests the producing party redact such Confidential information, the producing party will redact the Confidential information for the filing party to file, unless such information was redacted at the time of production.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the 30- day period following

the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material previously produced by the producing person without limitation should be designated Confidential, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential under the terms of this Protective Order.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a producing person has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Before disclosing any Confidential Discovery Material to any person referenced in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may, at any time prior to the trial of this action, serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 6 of this Court's Individual Rules and Practices in Civil Cases.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

13. Nothing herein will prevent any person subject to this Protective Order from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or

- 4 -

by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. In accordance with Section 10(C) of this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15. The Court also retains unfettered discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential.

16. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

17. Each person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.   If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

21.   Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22.   The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

23.   The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

24.   This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

25.   All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: February 17, 2026

**RISSMILLER PLLC**

By: _____
         Jazly Liriano

5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
Telephone: (646) 664-1412
jliriano@rissmiller.com

*Attorneys for Plaintiff*
*Leneisje Mossiah*

Dated: February 18, 2026

**NIXON PEABODY LLP**

By: _____
         Michael J. Lingle

211 High Point Drive, Suite 110
Victor, NY 14564
Telephone: (585) 263-1000
mlingle@nixonpeabody.com

*Attorneys for Defendants*
*Mulligan Security, LLC and*
*Universal Protection Service, LLC*

SO ORDERED.

Dated: February 19, 2026
         New York, New York

_____
Honorable Jeannette A. Vargas
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LENEISJE MOSSIAH, and others similarly situated, | **NON-DISCLOSURE AGREEMENT** |
| Plaintiff, | |
| v. | Case No. 1:25-cv-4561-JAV |
| MULLIGAN SECURITY LLC and UNIVERSAL PROTECTION SERVICE, LLC, | |
| Defendant. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated:_____

_____

- 8 -