UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENEISJE MOSSIAH, *and others similarly situated*,

Plaintiff,

-v-

MULLIGAN SECURITY LLC, et al.,

Defendants.

25-CV-04561 (JAV)

OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Leneisje Mossiah ("Plaintiff") brought this action against Defendants Mulligan Security LLC ("Mulligan") and Universal Protection Service, LLC ("Universal") (collectively, "Defendants"). Plaintiff alleged that Mulligan terminated her employment without providing appropriate notice pursuant to the federal Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and the New York State analogue ("NY WARN Act"). ECF No. 30 ("SAC"), ¶¶ 1, 30. Presently before the Court is the parties' proposed class action settlement agreement and Plaintiff's uncontested motion for (i) preliminary approval of that settlement, (ii) conditional certification of the settlement class under Rule 23(b)(3), (iii) appointment of Plaintiff's counsel ("Rissmiller PLLC") as class counsel and Plaintiff as named plaintiff, (iv) approval of the proposed Notice of Class Action Settlement for distribution, and (v) a final fairness hearing. *See* ECF No. 73 ("Motion"); ECF No. 75 ("Decl."), Ex. 1

("Settlement Agreement" or "Agmt."). For the following reasons, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff brought this putative class action on behalf of herself and others similarly situated, alleging that Mulligan hired her as a security guard in or about July 2022 and terminated her employment on November 24, 2024, without providing appropriate notice pursuant to the federal WARN Act or NY WARN Act. SAC, ¶¶ 1, 14, 27, 30. The putative class is defined as "those individuals employed by Mulligan who suffered an employment loss as a result of, or in connection with, the site closure at 1760 3rd Avenue, New York, NY 10029, commonly known as the 'Bird Dorms,' and who are identified on Exhibits A and B to [the Settlement] Agreement." Agmt. at 2-3.

The Settlement Agreement proposes that Mulligan will provide $230,000, which will be held by the settlement administrator in a qualified settlement fund under 26 U.S.C. § 468B (the "Common Fund"). The Common Fund be used make payments to class members, a service award to Mossiah, class counsel's fees and costs, the settlement administrator's fees, and all employer- and employee-side taxes. Agmt., ¶ 2. Pursuant to the Settlement Agreement, each participating class member will receive a pro rata share of the "Net Settlement Amount"—the fund that remains after the service award, fees, costs, and administration—calculated from Defendants' payroll records according to the wages and benefits each person lost. *Id.*, ¶ 10. Seventy-seven percent of the Net Settlement Amount is allocated

pro rata among the 61 Class Members listed on Exhibit A of the Settlement Agreement, whose employment loss is undisputed, and the remaining 23% is allocated pro rata among the 25 Class Members listed on Exhibit B of the Settlement Agreement, whose employment loss Defendants contested. *Id.* For tax purposes, the payments will be treated as wages and reported on IRS Forms W-2 and 1099, with the employer's share of payroll taxes paid from the fund. Decl. ¶ 15; Agmt., ¶ 2.

Class Counsel will apply separately for fees and costs of no more than $77,304.17, representing one-third of the fund plus $637.50 in case expenses. Decl. ¶ 16; Agmt., ¶ 11. The settlement also provides a $15,000 service award to Mossiah for her work on the class's behalf, subject to the Court's approval. Agmt., ¶ 17.

The parties assert that the proposed settlement is the result of good faith, arm's length negotiations by parties who have been represented by capable counsel with experience in these types of matters. ECF No. 74 ("Mem.") at 6-7. Further, they maintain each party explored the strengths and weaknesses of their respective claims. *Id.* Finally, Rissmiller PLLC asserts that it possesses the skill and expertise to litigate the class claims appropriately and to evaluate the settlement class's claims, defenses, and settlement appropriately. Decl., ¶¶ 24-28.

## LEGAL STANDARDS

Certification of a Rule 23(b)(3) class for settlement purposes is subject to the same four threshold requirements applicable to all class actions: "(1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality

(questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect [class interests])." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (cleaned up). To qualify for certification under Rule 23(b)(3), a class must also meet two requirements beyond the Rule 23(a) prerequisites. *Id.* at 615. "Common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* (cleaned up). In this Circuit, "Rule 23 is given liberal rather than restrictive construction." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (citation omitted). Conditional certification for settlement serves the practical ends of "avoiding the costs of litigating class status while facilitating a global settlement" and providing notice to the class. *Grant v. Warner Music Grp. Corp.*, Nos. 13-CV-04449, 13-CV-05031 (PGG), 2015 WL 10846300, at *1 (S.D.N.Y. Aug. 21, 2015).

Once a conditional class is certified for settlement purposes, a district court may approve a settlement proposal that binds said class members only "after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To preliminarily approve a proposed settlement under Fed. R. Civ. P. 23(e)(2), the Court must consider: "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 23(e)(2)). The Court also evaluates the

fairness of a proposed class action settlement agreement by reference to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), but recognizes the "substantial overlap" between the nine *Grinnell* factors and the Rule 23(e)(2) factors. *Moses v. N.Y. Times Co.*, 79 F.4th 235, 246 (2d Cir. 2023).

## DISCUSSION

The Court concludes that the putative class satisfies all requirements of Rule 23(a) and Rule 23(b)(3). Additionally, after conducting a holistic evaluation of each of the Rule 23(e)(2) factors, the Court finds that these factors weigh in favor of preliminary approval of the Settlement Agreement.

### A. Certification of the Putative Class

Courts in the Second Circuit have found the numerosity requirement to be satisfied by a class consisting of 40 or more members. *See, e.g., Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir. 1993); *Collins v. Olin Corp.,* 248 F.R.D. 95, 101 (D. Conn. 2008) ("While there is no predetermined number of plaintiffs necessary to certify a class, courts generally have found a class consisting of 40 or more members to be sufficient."). There are 86 individuals, including Plaintiff, in the proposed class. Decl., ¶ 8. Consequently, the numerosity requirement is met.

"The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact." *Marisol A.*, 126 F.3d at 376. "[F]or purposes of Rule 23(a)(2)[,] even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (cleaned up). The Court finds that the proposed class members' claims turn on common questions, such as whether Mulligan's

closure of the Bird Dorms operation triggered the WARN Acts' notice requirements, whether any statutory exception or the good-faith defense applies, and whether Allied Universal is liable as a successor.

Typicality is satisfied where "each class member's claim arises from the same course of events," *Robidoux*, 987 F.2d at 936, and "the disputed issue[s] of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class," *Mazzei v. Money Store*, 829 F.3d 260, 272 (2d Cir. 2016) (citation omitted). Mossiah's claim is typical of the putative class, as it arises from the same closure and the same alleged failure by Mulligan to give notice, which impacted all other putative class members. As Mossiah's and the putative class members' claims differ only in scale, typicality is met.

Both Plaintiff and Rissmiller PLLC adequately represent the class. Plaintiff seeks relief on the same theory as the putative class. Moreover, Plaintiff does not appear to have any interest "antagonistic to the interest of other members of the class." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007). The Court finds that the Rissmiller declaration establishes both the adequacy of Plaintiff as class representative and of Rissmiller PLLC as class counsel. Decl., ¶¶ 23-28.

Finally, the Motion and its supporting papers demonstrate that class-wide issues predominate over individual issues, and a class action is a superior mechanism through which to adjudicate this controversy. All members of the settlement class were subject to the same alleged violations of the federal WARN

Act and NY WARN Act, such that liability can be determined on a class-wide basis. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011). Each class member's recovery would be modest—too small to justify a separate suit. Additionally, concentrating the claims in one proceeding avoids duplicative litigation and inconsistent results. *See* Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 617.

In light of the foregoing, the Court grants certification of this matter as a class action for purposes of settlement. In addition, the Court appoints Plaintiff as Class Representative and Rissmiller PLLC as Class Counsel.

**B. Fairness of the Proposed Settlement**

Unlike settlements in other types of cases, settlements in class action cases and putative class actions cases must be approved by the Court. *See* Fed. R. Civ. P. 23(e); *Kurtz v. Kimberly-Clark Corp.*, 142 F.4th 112, 117 (2d Cir. 2025). The Court must ensure the settlement is "fair, reasonable, and adequate" to the class members, in light of the considerations listed under Rule 23(e)(2) and the nine *Grinnell* factors. Fed. R. Civ. P. 23(e)(2). The Court finds the Settlement Agreement satisfactory under these standards.

"Preliminary approval of a settlement agreement requires only an 'initial evaluation' of the fairness of the proposed settlement based on written submissions and an informal presentation by the settling parties.'" *Piney v. City of New York*, No. 25-CV-671 (DEH) (SLC), 2026 WL 937059, at *5 (S.D.N.Y. Apr. 7, 2026) (citation omitted). The Rissmiller declaration attests that the Settlement

Agreement was negotiated at arm's length through adequate representation by Class Counsel and the Class Representative. Decl., ¶¶ 5-13, 20-21. In considering whether the relief provided to the class under the terms of a proposed agreement are adequate, the Court takes into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and] (iii) the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C). Related to these considerations are a number of the *Grinnell* factors, including "the complexity, expense and likely duration of the litigation"; "the risks of establishing liability"; "the risks of establishing damages"; "the ability of the defendants to withstand a greater judgment"; "the range of reasonableness of the settlement fund in light of the best possible recovery"; and "the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Grinnell*, 495 F.2d at 463 (citations omitted).

An assessment of these factors yields the conclusion that the relief provided under the Settlement Agreement is adequate. Plaintiffs represent that the settlement amount represents 47% of the total potential recovery were they to succeed on all issues. Decl., ¶ 11. Had Plaintiffs elected to litigate this matter further, however, they faced substantial hurdles to recovery. Defendants asserted a number of defenses to liability, including an unforeseeable-business-circumstances defense. *See* ECF No. 14 at 8-9. Mulligan is currently non-operational and without assets, and thus a favorable judgment against Mulligan alone would likely be

uncollectable. *Id.*, ¶ 12. To recover, Plaintiffs would have to prevail on a successor liability theory against Universal, which Universal had disputed. *Id.* Additionally, at the time the parties had reached a settlement, the Court had held that there was a disputed issue as to whether the named Plaintiff had consented to arbitration. *See* ECF No. 62. A trial had been scheduled with respect to that threshold issue. Given the length of time resolution of these issues would require, and the attendant litigation risks, the proposed settlement falls within the range of reasonableness.

Class counsel represents that reasonableness of the proposed attorneys' fees amount will be briefed on the final-approval motion, Mem. at 4, so the Court reserves judgment on this issue.

Finally, with respect to equitable treatment, the Court is provisionally satisfied that the Settlement Agreement's proposal for pro rata allocation to class members is equitable but will probe counsel's methodology for determining such shares at the final fairness hearing. The Court gives preliminary approval to Plaintiff's proposed service award of $15,000. The Second Circuit has concluded that incentive awards are not prohibited under Rule 23(e)(2)(D), *Moses*, 79 F.4th at 253-56, but that they cannot be "excessive compared to the service provided by the class representative or . . . unfair to the absent class members," *id.* at 245. Plaintiff must provide further explanation in her motion for final approval of the basis for her entitlement to a service award and show that the service award is neither excessive nor unfair to the absent class members. *See Reyes v. Summit Health Mfg., LLC*, No. 22-CV-9916, 2024 WL 472841, at *6 (S.D.N.Y. Feb. 6, 2024).

"In determining whether to grant preliminary approval [of a settlement agreement], a court need only find probable cause to submit the settlement proposal to class members and hold a full-scale hearing as to its fairness." *Piney*, 2026 WL 937059, at *5 (cleaned up). Accordingly, preliminary approval is warranted.

**C. Notice to Class Members**

Having preliminarily approved the settlement, the Court "must direct notice in a reasonable manner to all class members who would be bound" by a proposed settlement, voluntary dismissal, or compromise. Fed. R. Civ. P. 23(e)(1)(B). Pursuant to Rule 23(c)(2)(B), the Court must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. Rule 23(c)(2)(B). The "notice provided to absent class members must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, No. 18-CV-8472 (PKC), 2022 WL 2063864, at *11 (S.D.N.Y. June 8, 2022) (quoting *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012)).

The Court approves of the manner of notice proposed, as it is reasonable and the best practicable option for confirming the class members receive notice. Agmt., ¶ 7; *see Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 175 (1974) (approving individual mailings as best notice practicable). The Court approves the proposed notice itself—subject to the changes noted below—as it appropriately identifies the nature of the lawsuit, the class, the settlement terms, and the options available to the members of the class. Decl., Ex. B; Fed. R. Civ. P. 23(c)(2)(B). The final fairness hearing will be on October 20, 2026, at 11:30.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion, conditionally certifies this class for settlement purposes, approves of the parties' proposed notice and method of notification, preliminarily approves of the Settlement Agreement.

The Court further **GRANTS** the motion to appoint Rissmiller PLLC as Class Counsel and Plaintiff Mossiah as Class Representative.

The Court finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirements of Rule 23, the Constitution of the United States and any other applicable laws, provided, however, that the Class Notice is updated to reflect the dates and procedures set forth in this Order.

The Court hereby sets a deadline of 60 days from the mailing of the

Settlement Notice for Class Members to object to the settlement or opt out of the Class.

The Settlement Fairness Hearing shall be held before this Court, on **October 27, 2026,** at 11:30 a.m. in Courtroom 11B of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether the proposed settlement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; and to determine the amount, if any, of attorneys' fees and costs and service awards that should be awarded.

The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Notice of any adjournment can be obtained from Class Counsel. The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

On or before the date that is seven (7) days before the final approval hearing, Class Counsel shall move the Court for final approval of the settlement and submit a memorandum of law in support of the Class Representative's application for attorneys' fees and costs, settlement administration costs, and service awards.

The Clerk of Court is directed to terminate ECF No. 73.

SO ORDERED.

Dated: July 31, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge